# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**LUIS THOMAS GONTIZ**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **1:06-CR-00065-001** |

Jeremy Kroger
_____
Defendant's Attorney

## THE DEFENDANT:

[✔] admitted guilt to violation of charge 1 as alleged in the violation petition filed on 4/6/2012 .

[ ] was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| Charge 1 | FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER | 9/19/2011, 9/23/2011, 10/2/2011, 10/7/2011 & 10/12/2011 |

The court: [ ] revokes: [✔] modifies: [ ] continues under same conditions of supervision heretofore ordered on   3/30/2007  .

The defendant is sentenced as provided in pages 2 through  4  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] Charge(s) ___ is/are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

5/7/2012
_____
Date of Imposition of Sentence

/s/ Lawrence J. O'Neill
_____
Signature of Judicial Officer

**LAWRENCE J. O'NEILL**, United States District Judge
_____
Name & Title of Judicial Officer

5/14/2012
_____
Date

AO 245B-CAED (Rev. 09/2011) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:06-CR-00065-001 | Judgment - Page 2 of 4 |
| DEFENDANT: | LUIS THOMAS GONTIZ | |

# SUPERVISED RELEASE

Upon release from imprisonment, the Court modifies and continues supervision heretofore ordered on March 30, 2007 with all the following special condition of release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[✔] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[✔] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED (Rev. 09/2011) Sheet 3 - Supervised Release

CASE NUMBER:          1:06-CR-00065-001                                          Judgment - Page 3  of  4
DEFENDANT:            LUIS THOMAS GONTIZ

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall submit to the search of his person, property, house, residence, vehicle,
    papers, computer, other electronic communication or data storage devices or media,   and
    effects at any time, with or without a warrant, by any law enforcement or probation officer in
    the lawful discharge of the officer's supervision functions with reasonable suspicion
    concerning unlawful conduct or a violation of a condition of probation or supervised release.
    Failure to submit to a search may be grounds for revocation.  The defendant shall warn any
    other residents that the premises may be subject to searches pursuant to this condition.

2.  The defendant shall provide the probation officer with access to any requested financial
    information.

3.  As directed by the probation officer, the defendant shall participate in a program of inpatient
    or outpatient mental health treatment.

4.  As directed by the probation officer, the defendant shall participate in a co-payment plan for
    treatment or testing and shall make payment directly to the vendor under contract with the
    United States Probation Office of up to $25 per month.

5.  The defendant shall not possess or use a computer or any device that has access to any "on-
    line computer service" unless approved by the probation officer. This includes any Internet
    service provider, bulletin board system, or any other public or private computer network.

6.  The defendant shall have no contact with children under the age of 18 unless approved by
    the probation officer in advance.  The defendant is not to loiter within 100 feet of school
    yards, parks, playgrounds, arcades, or other places primarily used by children under the age
    of 18.  This shall include that the defendant is not to engage in any occupation, either paid or
    volunteer, which exposes him directly or indirectly with children under the age of 18.

7.  The defendant shall consent to the probation officer and/or probation service representative
    conducting periodic unannounced examinations of (a) any computer, or (b) computer-related
    device, or ( c) equipment that has an internal or external modem which is in the possession
    or control of the defendant.  The defendant consents to retrieval and copying of all data from
    any such computer, computer-related device, or equipment as well as any internal or external
    peripherals to ensure compliance with conditions. The defendant consents to removal of
    such computer, computer-related device, and equipment for purposes of conducting a more
    thorough inspection; and analysis.

    The defendant consents to having installed on any computer, computer-related device, and
    equipment, at the defendant's expense, any hardware or software systems to monitor the use
    of such computer, computer-related device, and equipment at the direction of the probation
    officer, and agrees not to tamper with such hardware or software and not install or use any
    software programs designed to hide, alter, or delete his/her computer activities.  The
    defendant consents to not installing new hardware without the prior approval of the
    probation officer.

CASE NUMBER:        1:06-CR-00065-001                                    Judgment - Page 4 of 4
DEFENDANT:          LUIS THOMAS GONTIZ

8.  The defendant shall not possess, own, use, view, read, or frequent places with material depicting and/or describing sexually explicit conduct, including computer images, pictures, photographs, books, writings, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 USC 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; ( c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

9.  The defendant shall provide all requested business/personal phone records to the probation officer.  The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers.  The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

10. The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon him/her.  This includes any activities in which you are acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

11. The defendant shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program [which may include, but is not limited to, risk assessment, polygraph examination, computer voice stress analysis (CVSA), and/or ABEL assessment] as approved and directed by the probation officer and as recommended by the assigned treatment provider.

12. The U.S. Probation Office is authorized to disclose the two psychiatric evaluations referenced in the Presentence Report to the Employee Assistance Program (EAP) or any other contracted U.S. Probation Office treatment provider. Both evaluations are to be used solely for the purpose of Mr. Gontiz's treatment and shall not be further disclosed without additional court notification.

13. The defendant shall be monitored for a period of three months, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, at the discretion of the probation officer.  The defendant shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as determined by the probation officer.  In addition to other court-imposed conditions of release, the defendant's movement in the community shall be restricted as follows:

    The defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the  probation officer.